UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHRISTOPHER LULL, CONOR BUGBEE, KEVIN BURRAGE, KALEIGH BURRAGE,

Plaintiffs,

v.

COUNTY OF PLACER, TIMOTHY WEGNER, STEVE PEDRETTI, JOSEPH ZANARINI, STEVEN SOLOMON.,

Defendants.

No. 2:17-cv-2216-KJM-EFB PS

FINDINGS AND RECOMMENDATIONS

This case is before the court on defendants' motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim pursuant to Federal Rules of Civil Procedure ("Rule") 12(b)(1) and 12(b)(6).[1] ECF No. 6. For the reasons explained below, it is recommended that defendants' motion be granted.[2]

I.  Factual Background

The complaint alleges that in November 2016, defendant Timothy Wegner introduced Placer County Ordinance 5851-B ("Ordinance"), which was subsequently adopted by the County

---

[1] This case, in which plaintiff is proceeding pro se, is before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21). *See* 28 U.S.C. § 636(b)(1).

[2] The court determined that oral argument would not materially assist in the resolution of the pending motion and the matter was ordered submitted on the briefs. *See* E.D. Cal. L.R. 230(g).

1

of Placer (the "County"). ECF No. 1 at 1, 3. Plaintiffs, who reside in Placer County, assert that they are "authorized Ca Prop 215 patient and caregivers." *Id*. at 3. Plaintiff Christopher Lull allegedly owns real property located in Placer County, which he leases to plaintiffs Conor Bugbee, Kevin Burrage, and Kaleigh Burrage. *Id*. at 7-8. Plaintiffs contend that the Ordinance is arbitrary because it "effectively limits marijuana cultivation to six plants on a single parcel and does not account for size of the parcel."[3] *Id*. at 5. They seek a declaration of their "rights as they are in imminent jeopardy of being infringed upon by the arbitrary Ordinance." *Id*. at 4. They also seek to enjoin the enforcement of Ordinance. *Id*.

According to the complaint, defendant Joseph Zanari and Steven Solomon, who are both employed by the County of Placer, came to Lull's property with uniformed police officers and requested access to the property to check for compliance with the Ordinance. *Id*. at 2-3. Lull refused to consent to the search of the property. *Id*. The next day, Zanari and Solomon returned to the property and, without obtaining plaintiffs' consent, took distant photographs of the property using a telephoto lens. *Id*. Plaintiffs claim that the defendants used the camera to manipulate and enhance images that are not visible to the naked eye. *Id*. Zanari and Solomon also posted a notice on a public access road that "threatens Plaintiffs with arbitrary imminent putative sanctions and administrative nuisance abatement proceedings." *Id*. at 4. They also notified Lull that they would seek an administrative inspection warrant for the property. *Id*. at 3.

Plaintiffs do not explain with any precision how these acts relate to their attempt to challenge the Ordinance and they do not allege a facial challenge. Nonetheless, they claim that the Ordinance violates "Fourth Amendment Substantive Due Process," and is preempted by California state law. *Id*. at 4-8. They seek "Declaratory Judgment of County of Placer Ordinance

---

[3] Placer County Ordinance 5851-B is codified as Placer County Code §§ 8.10 *et seq*. Of relevance to complaint's allegations, the ordinance limits the cultivation of cannabis to "six plants on no more than fifty (50) square feet in total . . . for outdoor cultivation of non-medical cannabis per parcel with a private residence. Medical cannabis plants may be cultivated on no more than fifty (50) square feet in total per parcel with a private residence, regardless of the number of authorized growers, qualified patients or primary caregivers residing in a private residence on the parcel." Placer County Code §§ 8.10.040(A)(2), 8.10.05(A)(4). Violation of the ordinance is considered a public nuisance and subject to enforcement by abatement and civil fine. Placer County Code § 8.10.120.

2

5851-B and Injunctive Relief of imminent police power enforcement of the arbitrary Ordinance and official policy that lacks the force of law." *Id*. at 1.

Defendants move to dismiss, arguing that plaintiffs lack standing and fail to state a claim for relief. ECF No. 6.

II.     Standing

Defendants argue that plaintiffs lack standing to challenge the Ordinance because they do not allege a violation of a federally protected interest or that defendants have or imminently will enforce the Ordinance against them. ECF No. 6-1 at 4.

Standing is an element of subject matter jurisdiction. *Warren v. Fox Family Worldwide, Inc.,* 328 F.3d 1136, 1140 (9th Cir. 2003). The requirement that a party have "standing" to bring an action is part of the case-or-controversy provision of Article III of the Constitution. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). To have standing three elements must be satisfied:

> First, the plaintiff must have suffered an injury in fact-an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct complained of-the injury has to be fairly . . . trace[able] to the challenged action of the defendant, and not . . . th[e] result [of] independent action of some third party not before the court. Third it must be likely as opposed to merely speculative that the injury will be redressed by a favorable decision.

*Id*. at 560-61 (internal citations and quotation marks omitted). To establish standing to obtain injunctive relief, "the plaintiff must demonstrate a real or immediate threat of an irreparable injury." *Clark v. City of Lakewood*, 259 F.3d 996, 1007 (9th Cir. 2001); *Culinary Workers Union, Local 226 v. Del Papa*, 200 F.3d 614, 617 (9th Cir 1999).

"A plaintiff who challenges a statute must demonstrate a realistic danger of sustaining a direct injury as a result of the statute's operation or enforcement. But one does not have to await the consummation of threatened injury to obtain preventive relief. If the injury is certainly impending, that is enough." *Babbitt v. United Farm Workers Nat'l Union*, 442 U.S. 289, 298 (1979) (alteration in original) (quotation marks and citations omitted); *see also San Diego Cnty. Gun Rights Comm. v. Reno*, 98 F.3d 1121, 1126 (9th Cir. 1996) (to establish an injury in fact for a

3

pre-enforcement challenge to a statute, the plaintiff "must show a *genuine* threat of *imminent* prosecution.").

The precise basis for plaintiffs' challenge to the constitutionality of the Ordinance cannot be easily gleaned from the complaint. As noted above, plaintiffs purport to assert a claim for violation of "Fourth Amendment Substantive Due Process." ECF No. 1 at 4. In their opposition plaintiffs merely provide their conclusion that they have "plead an invasion of a legally protected interest," without any clarification as to what particular interest was allegedly invaded. *Id*. at 3. Plaintiffs do, however, explain that they are not asserting a facial challenge to the Ordinance, but "seek an as applied challenge to the Ordinance that threatens Plaintiffs with an injury in fact . . . ." ECF No. 9 at 3.

The complaint, however, does not allege facts demonstrating that defendants have enforced the Ordinance against any of the plaintiffs or that enforcement is imminent. Instead, plaintiffs merely allege that defendants Zanari and Solomon sought to enter plaintiffs' property to check for compliance with the Ordinance and posted a notice containing threats. ECF No. 1. Significantly, there are no allegations that plaintiffs have engaged in any conduct prohibited by the statute. Although plaintiffs take issue with the Ordinance's limitation to the amount of marijuana that may be cultivated (*see* ECF No. 1 at 5), they do not allege that they grow marijuana on the property or that they would absent the Ordinance.[4] Accordingly, plaintiffs fail to establish an actual or imminent injury traceable to the challenged ordinance.

Finally, defendants point out that plaintiffs do not have a federally protected interest in growing marijuana. "The Supreme Court has held that no person can have a legally protected interest in contraband per se." *Schmidt v. Cnty. of Nevada*, 2011 WL 2967786, at *5 (E.D. Cal. July 19, 2011) (citing *United States v. Jeffers*, 342 U.S. 48, 53 (1951) & *Cooper v. City of Greenwood. Mississippi*, 904 F.2d 302, 305 (5th Cir. 1990). "An object is contraband per se if its possession, without more, constitutes a crime; or in other words, there is no legal purpose to

---

[4] Plaintiffs contend that the ordinance arbitrarily limits the number of medical marijuana plants to six per parcel. Plaintiffs' are mistaken. The ordinance limits non-medical marijuana cultivation to six plants, while limiting the cultivation of medical marijuana to no more than 50 square feet per parcel. *See* Placer County Code §§ 8.10.040(A)(2), 8.10.050(A)(4).

4

which the object could be put." *United States v. Harrell*, 530 F.3d 1051, 1057 (9th Cir. 2008). Marijuana remains illegal under federal law. *See* 21 C.F.R. § 1308.11(d)(23) (listing marijuana as a Schedule I drug) and *Gonzales v. Raich*, 545 U.S. 1, 27 (2005) ("The CSA designates marijuana as contraband for any purpose."). Thus, plaintiffs do not have a federally protected legal interest in cultivating marijuana.[5] *See Raley v. Williams*, 2018 WL 4027020, at *6 (E.D. Cal. Aug. 23, 2018) ("[T]here is no US Constitutional right related to cultivation of marijuana. As such, there cannot be a federal constitutional violation restricting the cultivation of marijuana.").

Accordingly, plaintiffs lack standing to assert a federal challenge to the Ordinance. Consequently, the court also lacks jurisdiction to entertain plaintiffs' state law challenges to the Ordinance. *See Herman Family Revocable Trust v. Teddy Bear*, 254 F.3d 802, 806 (9th Cir. 2001) ("If the district court dismisses all federal claims on the merits, it has discretion under § 1367(c) to adjudicate the remaining claims; if the court dismisses for lack of subject matter jurisdiction, it has no discretion and must dismiss all claims.").[6] However, given the complaint's lack of clarity and plaintiffs' pro se status, dismissal with leave to amend is appropriate. *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in their complaints).

III. Conclusion

Accordingly, it is hereby RECOMMENDED that:

1. Defendants' motion to dismiss (ECF No. 6) be granted;

2. The complaint be dismissed for lack of standing; and

3. Plaintiffs be granted thirty days from the date of service of any order adopting these findings and recommendations to file an amended compliant as provided herein. The amended

---

[5] In their opposition, plaintiffs argue that defendants' motion "incorrectly presupposes Plaintiffs claim a Federally Protected property right in marijuana." ECF No. 9 at 1. Defendants' assumption is reasonable given that the complaint specifically alleges that "[d]efendants have allowed marijuana cultivation by way of Ordinance in Placer County while simultaneously restricting Plaintiffs liberty to cultivate a doctors [sic] prescribed amount of medical marijuana." ECF No. 1 at 5.

[6] Because plaintiffs have failed to establish standing to challenge the ordinance, the court declines to address defendants' argument that the complaint fails to state a claim.

5

complaint must bear the docket number assigned to this case and must be labeled "First Amended Complaint." Failure to timely file an amended complaint may result in a recommendation this action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 11, 2018.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE