UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER LULL, CONOR BUGBEE, KEVIN BURRAGE, KALEIGH BURRAGE,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF PLACER, TIMOTHY WEGNER, STEVE PEDRETTI, JOSEPH ZANARINI, STEVEN SOLOMON,<br><br>Defendants. | No. 2:17-cv-2216-KJM-EFB PS<br><br>ORDER AND ORDER TO SHOW CAUSE |

On November 13, 2018, defendants filed a motion to dismiss plaintiffs' first amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6), and noticed their motion for hearing on January 9, 2019. ECF Nos. 21 and 23. Plaintiff Christopher Lull filed an opposition to the motion, but the remaining plaintiffs failed to file an opposition or statement of non-opposition to the motion.[1]

---

[1] In his opposition, Mr. Lull advances arguments on behalf of the other plaintiffs. The other plaintiffs, however, did not sign the opposition filed by Mr. Lull, and there is no indication from the record that Mr. Lull is an attorney. Accordingly, Mr. Lull may not file an opposition to the pending motion on behalf of the other plaintiffs. *See* Fed. R. Civ. P. 11(a) (requiring that "[e]very pleading, written motion, and other paper . . . be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented."); E.D. Cal. L.R. 183(a) (any individual who is representing himself without an attorney must appear personally or

1

Local Rule 230(c) provides that opposition to the granting of a motion, or a statement of non-opposition thereto, must be served upon the moving party, and filed with this court, no later than fourteen days preceding the noticed hearing date or, in this instance, by December 26, 2018. Local Rule 230(c) further provides that "[n]o party will be entitled to be heard in opposition to a motion at oral arguments if opposition to the motion has not been timely filed by that party." Local Rule 183, governing persons appearing in pro se, provides that failure to comply with the Federal Rules of Civil Procedure and Local Rules may be grounds for dismissal, judgment by default, or other appropriate sanctions. Local Rule 110 provides that failure to comply with the Local Rules "may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." *See also Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) ("Failure to follow a district court's local rules is a proper ground for dismissal."). Pro se litigants are bound by the rules of procedure, even though pleadings are liberally construed in their favor. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

Accordingly, good cause appearing, it is hereby ORDERED that:

1. The hearing on defendants' motion to dismiss is continued to February 6, 2019 at 10:00 a.m. in Courtroom No. 8.

2. Plaintiffs Conor Bugbee, Kevin Burrage, and Kaleigh Burrage shall show cause, in writing, no later than January 23, 2019, why sanctions should not be imposed for failure to timely file an opposition or a statement of non-opposition to defendants' motion.

3. Plaintiffs Conor Bugbee, Kevin Burrage, and Kaleigh Burrage shall file an opposition to the motion, or a statement of non-opposition thereto, no later than January 23, 2019.

4. Failure to file an opposition to the motion will be deemed a statement of non-opposition thereto, and may result in a recommendation that their claims against defendants be dismissed for lack of prosecution and/or for failure to comply with court orders and this court's Local Rules. *See* Fed. R. Civ. P. 41(b).

---

by courtesy appearance by an attorney and may not delegate that duty to any other individual); *Johns v. County of San Diego*, 114 F.3d 874, 876-877 (9th Cir. 1997) (a non-lawyer has no authority to appear as an attorney for another).

2

5. Defendants may file a reply to plaintiffs Conor Bugbee, Kevin Burrage, and Kaleigh Burrage's opposition, if any, on or before January 30, 2019.

DATED: January 7, 2019.

*/s/ Edmund F. Brennan*
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE