| | |
|---|---|
| CHRISTOPHER LULL, CONOR BUGBEE, KEVIN BURRAGE, KALEIGH BURRAGE, | No. 2:17-cv-2216-KJM-EFB PS |
| Plaintiffs, | ORDER AND FINDINGS AND RECOMMENDATIONS |
| v. | |
| COUNTY OF PLACER, TIMOTHY WEGNER, STEVE PEDRETTI, JOSEPH ZANARINI, STEVEN SOLOMON, | |
| Defendants. | |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

This case was before the court on February 12, 2019, for hearing on defendants' motion to dismiss plaintiffs' first amended complaint for lack of subject matter jurisdiction and failure to state a claim pursuant to Federal Rules of Civil Procedure ("Rule") 12(b)(1) and Rule 12(b)(6) (ECF No. 21), and the court's February 6, 2019 order directing defendants to show cause why sanctions should not be imposed for their failure to appear at the initial hearing on their motion, which was on February 6, 2019 (ECF No. 29). Attorney Gregory Warner appeared on behalf of the defendants. Plaintiff Christopher Lull appeared pro se, and the remaining plaintiffs failed to appear. Also pending is the court's January 7, 2019 order directing plaintiffs Conor Bugbee, Kevin Burrage, and Kaleigh Burrage to show cause why sanctions should not be imposed for

/////

1

failure to timely respond to defendants' motion (ECF No. 29), and plaintiff Lull's motion to amend the complaint (ECF No. 35).[1]

For the following reasons, the orders to show cause are discharged and it is recommended defendants' motion to dismiss be granted and Lull's motion to amend be denied.

I. Orders to Show Cause

Defendants' motion to dismiss was originally noticed for hearing on January 9, 2019. In violation of Local Rule 230(c), plaintiffs Conor Bugbee, Kevin Burrage, and Kaleigh Burrage failed to timely file either an opposition or statements of non-opposition to defendants' motion. Accordingly, the hearing on the motion was continued to February 6, 2019, and these plaintiffs were ordered to show cause why sanctions should not be imposed for their failure to comply with Local Rule 230(c). ECF No. 26. Defendants, however, failed to appear at the February 6, 2019 hearing. Accordingly, the hearing was again continued, and defendants were ordered to show cause why sanctions should not be imposed for their failure to appear. ECF Nos. 29, 31.

In response to the first order to show cause, plaintiffs Conor Bugbee, Kevin Burrage, and Kaleigh Burrage filed a statement of non-opposition, which explains that their claims are now moot due to a recent amendment to the county ordinance that is challenged in this action. ECF No. 27. They further state that they were not aware they needed to file a statement of non-opposition if they did not oppose defendants' motion. *Id*. at 2. In light of those representations, the order to show cause is discharged and no sanctions are imposed. Additionally, it is recommended that plaintiffs Conor Bugbee, Kevin Burrage, and Kaleigh Burrage's claims be dismissed as moot.

As for defendants' failure to appear at the February 6 hearing, defendants' counsel apologized for the error and stated that he missed the hearing due to "a good faith mistake when reviewing his weekly calendar." ECF No. 30. While counsel's error does not constitute good

/////

---

[1] Lull's motion for leave to amend the complaint was filed after the February 22, 2019 hearing. ECF No. 35. Because the court determined that oral argument would not be of material assistance in resolving that motion, it was submitted without appearance and without argument pursuant to Eastern District of California Local Rule 230(g). ECF No. 39.

2

cause for his absence, the court reluctantly discharges the order to show cause and imposes no sanctions.

II. Defendants' Motion to Dismiss

A. Background

Plaintiffs bring this action against the County of Placer and four of its employees, challenging the constitutionality of Placer County Ordinance 5851-B (the "Ordinance") pertaining to the cultivation of cannabis. The court previously granted defendants' motion to dismiss the prior complaint for lack of standing because plaintiffs failed to allege that defendants had enforced the Ordinance against them or that enforcement was imminent. ECF No. 17 at 4; ECF No. 18. Plaintiffs were granted leave to file an amended complaint, which they have since filed.

The first amended complaint consists largely of legal conclusions, with only minimal factual allegations. *See generally* ECF No. 19. According to the amended complaint, Lull owns real property located in Auburn, California, and that the other plaintiffs lease the property from Lull. *Id*. at 2-3. Defendants Wegner, Pedretti, Zanarini, and Solomon are employed by the County of Placer and authorized to enforce county zoning and building regulations. *Id*. at 2. In December 2016, defendant County of Placer ("County") adopted the Ordinance, which imposes "sanctions per marijuana plant or per square footage and not per violation of ordinance as proscribed by enabling statutes."[2] *Id*. at 3-4.

The complaint further alleges that "Defendants are imposing excessive fines not authorized by enabling statutes and not for violating an ordinance. This is effectively a progressive fine schedule for severity of offense as Defendants only charge or allege a singular

---

[2] Placer County Ordinance 5851-B is codified as Placer County Code §§ 8.10 *et seq*. The ordinance limits the cultivation of cannabis to "six plants on no more than fifty (50) square feet in total . . . for . . . cultivation of non-medical cannabis per parcel with a private residence. Medicinal cannabis plants may be cultivated on no more than fifty (50) square feet in total per private residence, regardless of the number of authorized growers, qualified patients or primary caregivers residing in said private residence." Placer County Code §§ 8.10.040(A)(1), 8.10.05(A)(4). Violation of the ordinance is considered a misdemeanor and a public nuisance and subject to enforcement by abatement and administrative penalties, including abatement and administrative costs. Placer County Code § 8.10.100.

3

offense and increase the sanction by plant count." *Id*. at 4. Lull further alleges that the "Ordinance subjected property owners to punitive sanctions regardless of their culpability and the Amendment fails to draw a distinction of imposing the sanctions upon culpable person and not the Property owner." *Id*. at 5. Defendants allegedly have imposed over $7,000 in fees for a hearing and a $32,000 punitive sanction against plaintiff Lull. *Id*. at 8.

Based on these allegations, the complaint alleges claims styled as (1) declaratory relief, (2) substantive due process, (3) procedural due process, and (4) injunctive relief. Defendants move to dismiss the complaint for lack of standing and failure to state a claim. ECF No. 21-1.

B. <u>Legal Standards</u>

1. <u>Rule 12(b)(1)</u>

A federal court is a court of limited jurisdiction, and may adjudicate only those cases authorized by the Constitution and by Congress. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332, confer "federal question" and "diversity" jurisdiction, respectively. Federal question jurisdiction requires that the complaint (1) arise under a federal law or the U. S. Constitution, (2) allege a "case or controversy" within the meaning of Article III, § 2 of the U. S. Constitution, or (3) be authorized by a federal statute that both regulates a specific subject matter and confers federal jurisdiction. *Baker v. Carr*, 369 U.S. 186, 198 (1962). To invoke the court's diversity jurisdiction, a plaintiff must specifically allege the diverse citizenship of all parties, and that the matter in controversy exceeds $75,000. 28 U.S.C. § 1332(a); *Bautista v. Pan American World Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987). A case presumably lies outside the jurisdiction of the federal courts unless demonstrated otherwise. *Kokkonen*, 511 U.S. at 376-78. Lack of subject matter jurisdiction may be raised at any time by either party or by the court. *Attorneys Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594-95 (9th Cir. 1996).

A motion to dismiss pursuant to Rule 12(b)(1) seeks dismissal for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). On such a motion the plaintiff bears the burden of establishing that jurisdiction exists. *See, e.g., Sopcak v. Northern Mountain Helicopter Serv.*, 52 F.3d 817, 818 (9th Cir. 1995); *Thornhill Pub. Co. v. General Tel. & Electronics Corp.*, 594 F.2d

730, 733 (9th Cir. 1979). Different procedures apply to a 12(b)(1) motion, depending on the manner in which it is made. *See, e.g., Crisp v. United States*, 966 F. Supp. 970, 971-72 (E.D. Cal. 1997). "A Rule 12(b)(1) jurisdictional attack may be facial or factual." *Safe Air For Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). A facial attack "asserts that the lack of subject matter jurisdiction is apparent from the face of the complaint." *Id*. If the motion presents a facial attack, the court considers the complaint's allegations to be true, and plaintiff enjoys "safeguards akin to those applied when a Rule 12(b)(6) motion is made." *Doe v. Schachter*, 804 F. Supp. 53, 56 (N.D. Cal. 1992).

Conversely, a factual attack, often referred to as a "speaking motion," challenges the truth of the allegations in the complaint that give rise to federal jurisdiction and the court does not presume those factual allegations to be true. *Thornhill*, 594 F.2d at 733. Although the court may consider evidence such as declarations or testimony to resolve factual disputes, *id*.; *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988), genuine disputes over facts material to jurisdiction must be addressed under Rule 56 standards. "[W]hen ruling on a jurisdictional motion involving factual issues which also go to the merits, the trial court should employ the standard applicable to a motion for summary judgment. Under this standard, the moving party should prevail only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Trentacosta v. Frontier Pacific Aircraft Industries, Inc.*, 813 F.2d 1553, 1558 (9th Cir. 1987) (quotations and citations omitted) (emphasis added).

Here, defendants advance a facial attack, arguing that the complaint's allegations fail to demonstrate that Lull has Article III standing.

### 2. Rule 12(b)(6)

A complaint may be dismissed for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss for failure to state a claim, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

5

(citing *Twombly*, 550 U.S. at 556). The plausibility standard is not akin to a "probability requirement," but it requires more than a sheer possibility that a defendant has acted unlawfully. *Iqbal*, 556 U.S. at 678.

Dismissal under Rule 12(b)(6) may be based on either: (1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable legal theory. *Chubb Custom Ins. Co*., 710 F.3d at 956. Dismissal also is appropriate if the complaint alleges a fact that necessarily defeats the claim. *Franklin v. Murphy*, 745 F.2d 1221, 1228-1229 (9th Cir. 1984).

Pro se pleadings are held to a less-stringent standard than those drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam). However, the Court need not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. *See Ileto v. Glock Inc*., 349 F.3d 1191, 1200 (9th Cir. 2003) (citing *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981)).

For purposes of dismissal under Rule 12(b)(6), the court generally considers only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice, and construes all well-pleaded material factual allegations in the light most favorable to the nonmoving party. *Chubb Custom Ins. Co. v. Space Sys./Loral, Inc*., 710 F.3d 946, 956 (9th Cir. 2013); *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012).

C. Discussion

1. Standing

Defendants argue that Lull lacks standing to challenge the Ordinance because he does not allege an invasion of a federally-protected interest or that defendants have or imminently will enforce the Ordinance against him. ECF No. 21-1 at 5.

Standing is an element of subject matter jurisdiction. *Warren v. Fox Family Worldwide, Inc.,* 328 F.3d 1136, 1140 (9th Cir. 2003). The requirement that a party have "standing" to bring an action is part of the case-or-controversy provision of Article III of the Constitution. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). To have standing, three elements must be satisfied:

/////

> First, the plaintiff must have suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct complained of—the injury has to be fairly . . . trace[able] to the challenged action of the defendant, and not . . . th[e] result [of] independent action of some third party not before the court. Third it must be likely as opposed to merely speculative that the injury will be redressed by a favorable decision.

*Id*. at 560-61 (internal citations and quotation marks omitted). To establish standing to obtain injunctive relief, "the plaintiff must demonstrate a real or immediate threat of an irreparable injury." *Clark v. City of Lakewood*, 259 F.3d 996, 1007 (9th Cir. 2001); *Culinary Workers Union, Local 226 v. Del Papa*, 200 F.3d 614, 617 (9th Cir 1999).

"A plaintiff who challenges a statute must demonstrate a realistic danger of sustaining a direct injury as a result of the statute's operation or enforcement. But one does not have to await the consummation of threatened injury to obtain preventive relief. If the injury is certainly impending, that is enough." *Babbitt v. United Farm Workers Nat'l Union*, 442 U.S. 289, 298 (1979) (alteration in original) (quotation marks and citations omitted); *see also San Diego Cnty. Gun Rights Comm. v. Reno*, 98 F.3d 1121, 1126 (9th Cir. 1996) (to establish an injury in fact for a pre-enforcement challenge to a statute, the plaintiff "must show a *genuine* threat of *imminent* prosecution.").

Liberally construed, the complaint sufficiently alleges an injury stemming from the enforcement of the challenged ordinance. The complaint specifically alleges that defendants fined Lull $32,000 and imposed over $7,000 in illegal abatement fees. ECF No. 19 at 1, 7. Lull further alleges that defendants "have not alleged that [he] is a culpable person or that [he] himself violated an ordinance. Defendants merely allege Lull is responsible for the punitive sanction due to his real property ownership and that he knew of the activity at his property." *Id*. at 5.

These allegations, if taken as true, show that defendants have enforced the Ordinance against Lull, which resulted in the imposition of arbitrary sanctions. Accordingly, the complaint adequately alleges a concrete injury traceable to defendants' conduct.

/////

7

### 2. Failure to State a Claim

Defendants also move to dismiss under Rule 12(b)(6), arguing that the complaint fails to allege facts sufficient to state a claim for relief. ECF No. 21-1 at 4.

#### a. Substantive Due Process

Lull claims that defendants violated his substantive due process rights by imposing sanctions under the Ordinance without a rational basis. ECF No. 19 at 6-7. The substantive component of the Fourteen Amendment's due process clause "guards against arbitrary and capricious government action . . . ." *Halverson v. Skagit Cnty.*, 42 F.3d 1257, 1261 (9th Cir. 1994). Thus, to establish a violation of substantive due process, plaintiff must show that the County's ordinance "was 'clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals or general welfare.'" *Kawaoka v. City of Arroyo Grande*, 17 F.3d 1227, 1234 (9th Cir. 1994) (quoting *Sinaloa Lake Owners Ass'n v. City of Simi Valley*, 882 F.2d 1398, 1407 (9th Cir. 1989).

The complaint alleges that defendants are "currently enforcing the Ordinance and Amendment subjecting Plaintiffs to arbitrary Property impositions and punitive sanctions without a rational basis." *Id*. at 6. It further alleges that the "Ordinance effectively imposes a punitive sanction upon land owners despite culpability." *Id*. at 7. These conclusory allegations are insufficient to provide defendants with fair notice of the basis of Lull's challenge to the Ordinance. *See Twombly*, 550 U.S. at 545. Indeed, the complaint does not identify the specific provision of the Ordinance Lull believes to be unconstitutional, nor does it allege how the ordinance was arbitrarily enforced against him. Accordingly, the complaint fails to state a substantive due process claim.

#### b. Procedural Due Process

Lull also claims that defendants violated his right to procedural due process. ECF No. 19 at 7. To state a procedural due process claim, a plaintiff must allege facts showing: "(1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections." *Kildare v. Saenz*, 325 F.3d 1078, 1085 (9th Cir. 2003). At a minimum, the procedural safeguards must include "an opportunity to be heard at a meaningful time and in a

meaningful manner." *Brewster v. Bd. of Edu. of Lynwood Unified Sch. Dist.*, 149 F.3d 971, 984 (9th Cir. 1998).

Lull alleges that he was not afforded a "pre-order hearing to dispute the findings and determinations of Defendants. Instead, Defendants presuppose their findings are axiomatic and proceed with a nuisance abatement hearing in order to impose punitive sanctions." ECF No. 19 at 7-8. He also alleges that "Defendants only provide one hearing for one allegation . . . ." *Id*. at 4. These vague allegations fail to demonstrate that plaintiff was not provided notice of the abatement proceedings and a meaningful opportunity to be heard. To the contrary, Lull's own allegations suggest that he received a hearing prior to the imposition of the fines and administrative fees. Accordingly, Lull also fails to state a procedural due process claim.

c. <u>Declaratory & Injunctive Relief</u>

The complaint also purports to assert claims styled as declaratory and injunctive relief. ECF No. 19 at 6, 8. As a threshold matter, neither are independent causes of action. Rather, they are simply remedies that turn on the validity of the substantive claims addressed above. Further, Lull seeks a declaration that the ordinance is "preempted by State Law and the Supremacy Clause of the U.S. Constitution," *id*., but he does not identify any specific federal law that allegedly preempts the County's Ordinance. Although he does allege that the fines authorized by the Ordinance violate California Government Code § 25132, he fails to establish a basis for the court's jurisdiction over his state law claim. *Id*. at 4. The complaint demonstrates that the parties' citizenship is not diverse. *See* 28 U.S.C. § 1332; *Bautista v. Pan American World Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987) (to establish diversity jurisdiction, a plaintiff must specifically allege the diverse citizenship of all parties, and that the matter in controversy exceeds $75,000). And as explained above, the complaint fails to state a federal claim that could support supplemental jurisdiction over a state law claim. *See* 28 U.S.C. §§ 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States), 1367(a) (where the district court has original jurisdiction, it "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction . . . .").

9

Lull's remaining claim for injunctive relief requests that the court enjoin "Defendants impending civil rights infringement." ECF No. 19 at 8. Injunctive relief "is a remedy and not, in itself, a claim, and a claim must exist before injunctive relief may be granted." *Loder v. World Savings Bank, N.A.*, 2011 WL 1884733, at *8 (N.D. Cal. May 18 2011). Because the complaint fails to state a claim, Lull is not entitled to injunctive relief.

Accordingly, the first amended complaint must be dismissed for failure to state a claim. The dismissal should be without leave to amend. *See Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (while the court ordinarily would permit a pro se plaintiff to amend, leave to amend should not be granted where it appears amendment would be futile); *California Architectural Bldg. Prod. V. Franciscan Ceramics*, 818 F.2d 1466, 1472 (9th Cir. 1988) ("Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility."). Lull has been previously granted leave to amend the complaint, but he failed to cure the deficiencies that resulted in dismissal of the original complaint. Like the original complaint, the first amended complaint relies almost exclusively on legal conclusions with only nominal factual allegations. Lull has also filed a proposed second amended complaint that, as discussed further below, also fails to state a claim for relief.

### III. Plaintiff Lull's Motion to Amend

Lull seeks leave to file a second amended complaint. ECF No. 35. The proposed amended complaint drops Lull's claims against defendant Joseph Zanarini but seeks to add ten new defendants and four additional claims. ECF Nos. 36. Defendants oppose the motion and argue that leave to amend should be denied due to Lull's undue delay and bad faith. They further argue that they would be prejudiced by allowing leave to amend at this juncture. ECF No. 38.

#### A. Legal Standards

Because the motion to amend was filed more than 21 days after defendants moved to dismiss, plaintiff may only amend his complaint with defendants' consent or leave of court. Fed. R. Civ. P. 15(a). Rule 15(a)(2) provides that "[t]he court should freely give leave when justice so requires," and the Ninth Circuit has directed courts to apply this policy with "extreme liberality." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). When determining whether

to grant leave to amend under Rule 15(a)(2), a court should consider the following factors: (1) undue delay, (2) bad faith, (3) futility of amendment, and (4) prejudice to the opposing party. *Foman v. Davis*, 371 U.S. 178, 182 (1962). According to the Ninth Circuit, "the crucial factor is the resulting prejudice to the opposing party," and the burden of showing that prejudice is on the party opposing amendment. *Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir. 1973); *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003); *DCD Programs*, 833 F.2d at 187. Granting or denying leave to amend rests in the sound discretion of the trial court, and will be reversed only for abuse of discretion. *Swanson v. U.S. Forest Serv.*, 87 F.3d 339, 343 (9th Cir. 1996).

        B.     Discussion

Review of Lull's proposed amended complaint reflects that granting him leave to amend would be futile. The proposed second amended complaint advances a different legal theory for liability than the earlier complaints. The two prior complaints both challenged the adoption and enforcement of Placer County Ordinance 5851-B, which governs the cultivation of marijuana. The original complaint alleged that the Ordinance violated plaintiffs' substantive due process rights and was preempted by California law. ECF No. 1. The first amended complaint also alleged a substantive due process claim but added a procedural due process claim challenging the impositions of fines and fees under the Ordinance.

The proposed second amended complaint continues to assert substantive and procedural due process claims based largely on the same defectively vague and conclusory allegations contained in the prior complaints. The proposed complaint also seeks to assert a Fourth Amendment unreasonable seizure claim, a Fourteenth Amendment equal protection claim, a First Amendment retaliation claim, and a claim for violation of California's Bane Act. ECF No. 36 at 13-17. Lull now claims that the defendants retaliated against him for criticizing the County's decision to adopt "enforcement measures . . . [that] included arbitrary punitive sanctions." *Id*. at 4. He also alleges that the County routinely performs nuisance abatement proceedings, but it "does not routinely impose punitive sanctions upon similarly situated persons as a result of nuisance abatement proceedings." *Id*. ¶ 36. As for his unreasonable seizure claim, Lull alleges

11

that he was improperly detained by Placer County Sheriff Deputies Harris and Blair for the purpose of giving him a citation for driving with a suspended license.

Although he seeks to add these new claims, the proposed amended complaint--like his two prior complaints, also relies heavily on conclusory and vague allegations that fail to state a claim upon which relief may be granted. Lull continues to claim that his right to procedural due process was violated because defendants imposed "punitive sanctions" without providing him notice and an opportunity to be heard. ECF No. 36 ¶ 57. But that conclusory statement is contradicted by other allegations in the complaint showing that he did receive notice and a hearing. Specifically, Lull alleges that a notice that "threatened punitive sanctions" was posted on the access road to his property. *Id*. ¶ 20. A week later a "Notice of Abatement Hearing" was posted at his property. *Id*. ¶ 25. Lull also alleges that he attended an abatement hearing on November 8, 2017, and that the hearing officer issued an "order to abate a nuisance" and imposed $32,000 in "punitive sanctions." *Id*. ¶¶ 28-31. Thus, plaintiff specifically alleges that he received notice and an opportunity to be heard. Significantly, the proposed complaint is devoid of any allegations suggesting that the notice and hearing were inadequate.

The proposed amended complaint also alleges a substantive due process claim. But Lull again relies only on vague and conclusory allegations. He alleges that the abatement hearing officer "imposed punitive sanctions without allegations, culpability, or statutory authority (*id*. ¶ 66); that defendants imposed a special assessment on his property "without a legitimate physical abatement cost incurred" (*id.* ¶ 67); and that the Ordinance is arbitrary because it allows the County to recover law enforcement and court fees as a "cost of abatement" (*id*. ¶ 70). Again, such conclusory allegations fail to provide defendants with notice as to the factual basis for Lull's challenge to the Ordinance.

Lull also claims that defendants violated his right to equal protection because they imposed sanctions against Lull and "would not have taken [the same] action against other similarly situated people." *Id*. ¶ 90. Again, Lull has offered only legal conclusions. He does not allege any facts demonstrating that the defendants have failed to enforce the Ordinance against
/////

12

other similarly situated individuals in the same manner it was enforced against Lull. Nor does he allege any facts suggesting he was singled out.

The proposed complaint's First Amendment retaliation claim is equally deficient. Lull claims that defendants violated his First Amendment rights because their "actions were maliciously intended to detour Plaintiffs [sic] exercise of his rights and chill his efforts." *Id*. ¶¶ 98-99. Such conclusory allegations are insufficient to state a First Amendment retaliation claim. *See Chubb Custom Ins. Co. v. Space Systems/Loral, Inc.*, 710 F.3d 946, 956 (9th Cir. 2013) ("Dismissal is proper when the complaint . . . does not allege sufficient facts to support a cognizable legal theory.").

Lull's remaining federal claim alleges that Deputy Sheriffs Dan Blair and Brian Harris violated his Fourth Amendment right by detaining him without probable cause. ECF No. 36 at ¶¶ 79-86. The factual predicate for this claim has no relation to the challenged ordinance or the imposition of fines and fees. Moreover, the claim is brought only against Dan Blair and Brian Harris, neither of whom are currently parties to this action. Consequently, the claim may not be properly joined in this action. *See* Fed. R. Civ. P. 20(a)(2).[3] Similarly, plaintiff's Bane Act claim is brought only against Brian Harris and is based on the same facts as Lull's Fourth Amendment claim. Accordingly, there is also no basis for permitting Lull to proceed with this unrelated claim.

IV. <u>Conclusion</u>

Accordingly, it is hereby ORDERED that the January 7 and February 6, 2019 orders to show cause are discharged and no sanctions are imposed.

Further, it is hereby RECOMMENDED that:

1. Plaintiffs Conor Bugbee, Kevin Burrage, and Kaleigh Burrage's claims be dismissed as moot;

---

[3] Allowing Lull to proceed with his claims against the two deputies while dismissing the remaining claims presents other problems. Not only would it delay the entry of judgment for the defendants who have appeared and defended against Lull's claims so that Lull can proceed on unrelated claims, it would effectively allow Lull to litigate an unrelated case without paying the required filing fee.

13

2. Defendants' motion to dismiss the first amended complaint (ECF No. 21) be granted;

3. Plaintiff Lull's motion to amend the first amended complaint (ECF No. 35) be denied;

4. Plaintiff Lull's claims be dismissed without leave to amend for failure to state a claim; and

5. The Clerk be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 11, 2019.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE